Carter *v.* Blanton.

---

## A. G. CARTER *v.* O. M. & W. C. BLANTON.

1. VENDOR AND VENDEE: PATENT.—A patent to land received by the patentee in
his lifetime, is valid, though bearing a date subsequent to his death.
2. SAME.—If the proof show that the patentee "received" the patent, it will be
presumed to have been delivered in his lifetime, though dated afterwards.
3. BILL OF EXCEPTIONS: PRESUMPTION.—When the bill of exceptions recites,
"that the proof shows that the land in controversy was entered" by one of the
parties, it will be presumed that legal and sufficient proof of the entry was
made.
4. EJECTMENT: ENTRY: PATENT.—The plaintiff in ejectment may recover, upon
proof that he entered the premises from the Federal Government, when it
appears that the patent afterwards issued is void.

IN error from the Circuit Court of Washington county. Hon.
John I. Guion, judge.

The defendants in error sued the plaintiff in error, to recover
the possession of a certain tract of land in his possession, and
which they claimed, as heirs of one William W. Blanton, deceased.
The jury returned a verdict for the plaintiff below. Whereupon,
the defendant moved for a new trial; which being refused, he took
a bill of exceptions, and sued out this writ of error.

It appears, from the bill of exceptions, that the plaintiffs were

the heirs of said William W. Blanton, and that the defendant was in possession of the premises sued for. The bill of exceptions then recites "that the said plaintiff proved that William W. Blanton entered, and received a patent for the land in controversy in this suit. Said patent is dated in 1840. He entered the land in 1830. That said patentee, William W. Blanton, died in 1838." This was all the proof to sustain the plaintiff's title.

*F. Anderson,* for plaintiff in error.

*W. C.* and *A. K. Smedes,* for defendants in error.

FISHER, J., delivered the opinion of the court.

The plaintiffs below brought this action in the Circuit Court of Washington county, to recover a tract of land in the possession of the defendant.

To sustain the action, the plaintiffs proved, on the trial, that they are the heirs-at-law of William W. Blanton, deceased. That he entered the land in 1830, and received a patent dated in 1840. That he died in 1838. It is insisted that the patent was issued after his death, and that it is therefore void. This fact does not sufficiently appear by the record, to be noticed. The proof is, that he received the patent, and the inference must be indulged that he was then living; for, otherwise, he could not have received it. The patent may have contained a wrong date.

But, aside from this view, the proof is clear that the ancestor entered the land; and this proof is of itself sufficient to uphold the verdict. It is, however, said that this fact was not proved in the manner required by the statute. The answer is, that the record is entirely silent as to the manner of making the proof; and hence, we must presume that it was made according to law.

Judgment affirmed.